UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

                                                  Case Nos. 2:23-cv-11494
                                                          2:23-mc-51151
                                              Hon. Victoria A. Roberts

                      Plaintiff,

v.

L. ERWAY, ET AL,

                      Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

      Plaintiff Kyle Brandon Richards is a Michigan prisoner presently incarcerated at the Oaks Correctional Facility, located in Manistee, Michigan.[1] The pro se complaint, filed under 42 U.S.C. § 1983, names individual employees of the

---

[1] Plaintiff is an enjoined filer. *See Richards v. Free Masons*, Case No. 22-10880, ECF No. 4. Pursuant to the injunction, Plaintiff may proceed only "if [his] complaint is determined to assert an intelligible, non-frivolous claim." (*Id.*, PageID.193.) In light of Richards claim that he is being threatened with sexual assault and death by correctional officers, the Court finds for purposes of the injunctive order that the complaint is intelligible and states a non-frivolous claim. As discussed below, however, venue is not proper in this Court, and the case must be transferred to the Western District of Michigan for that Court to determine whether Richards may proceed there given the similar injunction imposed by that Court. *See Richards*, Western District of Michigan Case No. No. 2:20-cv-00076.

Michigan Department of Corrections stationed at the Oaks and Ionia Correctional Facilities as defendants.

The complaint asserts that defendants have sexually assaulted and threatened to kill Richards at the Oaks Facility in retaliation for his advocacy and writings calling for the "legalization of pedophilia" and the creation of a religion centered on "divine child fetishism." (ECF No. 1, PageID.4-12.) Richards claims that he has a First Amendment right to pursue his advocacy and to practice his religious beliefs. The complaint also alleges that a prison counselor at the Ionia Facility has threatened to have him sexually assaulted if he is transferred to Ionia.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The defendants and events giving rise to the complaint are located in Manistee and Ionia Counties. Both Manistee and Ionia Counties are part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for

2

venue to lie in this district, but the facts alleged in the complaint suggest that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not decided whether Plaintiff is entitled to proceed in forma pauperis, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

**SO ORDERED.**

<pre>
                                        s/ Victoria A. Roberts
                                        Hon. Victoria A. Roberts
                                        United States District Judge
Dated: 7/11/2023
</pre>