UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KYLE B. RICHARDS,

        Plaintiff,                     Case No. 1:23-cv-745

v.                                        Honorable Ray Kent

J. ERWAY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff initiated this action by filing it in the United States District Court for the Eastern District of Michigan. In an order (ECF No. 7) entered on July 11, 2023, that court transferred the matter to this Court for further proceedings. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff, however, has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Because of this, the Court will direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Plaintiff must either show cause or pay the fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to either show cause or pay the fee, the

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals because the actions were frivolous, malicious, or failed to state a claim. *See, e.g., Colar et al. v. Hienz et al.*, No. 1:12-cv-1197 (W.D. Mich. Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* in numerous cases because he has three strikes. *See Richards v. Washington et al.*, No. 2:20-cv-146 (W.D. Mich. Sept. 4, 2020); *Richards v. Thomas et al.*, No. 1:14-cv-422 (W.D. Mich. May 12, 2014); *Richards v. Snyder et al.*, No. 1:14-cv-339 (W.D. Mich. Apr. 23, 2014); *Richards v. Snyder et al.*, No. 1:14-cv-299 (W.D. Mich. Apr. 14, 2014); *Richards et al. v. Debhour et al.*, No. 1:14-cv-239 (W.D. Mich. Mar. 26, 2014); *Richards v. Arp et al.*, No. 1:13-cv-171 (W.D. Mich. Apr. 27, 2013); *Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011).[1]

Moreover, it does not appear that Plaintiff's allegations fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's

---

[1] Plaintiff also has filed dozens of cases in the Eastern District of Michigan, several that were dismissed because they were frivolous or failed to state a claim and others that were dismissed after Plaintiff was denied leave to proceed *in forma pauperis* under the three-strikes rule.

3

> assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which Plaintiff complains, however, occurred during his prior incarceration at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues the following ECF personnel: Assistant Deputy Warden J. Erway, Unit Chief B. Majerzyck, Officer Unknown Bell, and Prisoner Counselor Unknown Bennet. He also sues ICF Prisoner Counselor Unknown Conran.

Plaintiff proclaims that he is a "zealous philosopher and theologian" who has written several works "advocat[ing] for the legalization of pedophilia." (ECF No. 1, PageID.4.) Plaintiff contends that his writings "of child eroticism are protected speech." (*Id.*) According to Plaintiff,

4

he has faced threats of murder in retaliation for his exercise of free speech. (*Id.*) For example, Plaintiff alleges that on May 19, 2023, Defendant Bell came into his cell, slammed him against the wall, and "proceeded to cut Plaintiff's throat," stating "This is what we do to pedophiles." (*Id.*) Plaintiff alleges further that on May 21, 2023, Defendants Bell and Bennet came into his cell, directed him to strip, and ordered him to masturbate. (*Id.*) Plaintiff claims that during this incident, Defendant Bell "fondle[d] [Plaintiff's] penis" and Defendant Bennett "patted [Plaintiff's] genitals." (*Id.*) Plaintiff alleges further that Defendants Bell and Bennet forced him to masturbate on two other occasions, during which they destroyed several of Plaintiff's "religious writings." (*Id.*, PageID.5.) On May 26, 2023, Defendants Bennett and Bell solicited other prisoners to attack Plaintiff. (*Id.*, PageID.6.)

On June 8, 2023, Defendants Bell and Bennet came into Plaintiff's cell and tore Plaintiff's clothes off. (*Id.*, PageID.5.) Plaintiff "screamed stop and fought back, kicking and punching," but he was restrained. (*Id.*) Plaintiff claims that Defendants Bell and Bennet sodomized him. (*Id.*) They told Plaintiff that they were doing that to him because Plaintiff is a pedophile. (*Id.*)

Plaintiff told Defendants Erway and Majercyzk about the incidents noted above, but they did nothing. (*Id.*) Instead, Plaintiff alleges that Defendant Erway told him to "shut the f*** up," or Plaintiff would be sent to "Imax where it will get a lot worse." (*Id.*) Plaintiff repeatedly asked for protective custody, to no avail. (*Id.*) On June 20, 2023, Defendants Erway and Majerzyck told Plaintiff, "We don't like pedophiles and don't like your pedophile religion. We want you to stop writing your book." (*Id.*, PageID.6.) When Plaintiff tried to defend his writings, they said, "If you keep writing, the guards will keep paying you visits." (*Id.*)

On June 16, 2023, Plaintiff spoke to Defendant Conran via video. (*Id.*) Defendant Conran told Plaintiff, "You'll be com[]ing here (Imax) soon. And I hope you know I'm going to f*** you

5

up." (*Id.*) Plaintiff asked why, and Defendant Conran responded, "We don't like your pedophile religion. If you think getting raped there is bad, wait until you get here." (*Id.*)

Plaintiff alleges that Defendants Bennet and Bell continued to sexually assault and sodomize him throughout June of 2023. (*Id.*, PageID.7.) On June 12, 2023, Defendants Bell and Bennet slammed Plaintiff's television against Plaintiff's head. (*Id.*, PageID.8.) The next day, Defendants Bell, Bennet, and Majerczyk came into Plaintiff's cell, threw his property all over, and broke his JPS player and a pair of headphones. (*Id.*) Defendant Majerczyk also punched Plaintiff in the face three times. (*Id.*) On June 14, 2023, Defendants Bell and Bennet returned to Plaintiff's cell and ripped up several of Plaintiff's magazines. (*Id.*)

On June 20, 2023, Plaintiff spoke to Defendants Erway and Majerczyk again, and they "both warned Plaintiff against his religious and political pursuits." (*Id.*, PageID.9.) They responded, "F*** your political rights" and "We don't protect pedophiles." (*Id.*) When Plaintiff threatened to file a lawsuit, Defendant Erway said, "We don't care about those p***y ass judges." (*Id.*) Defendant Erway also stated, "If you litigate, we might just find a way to kill you." (*Id.*) Plaintiff alleges that since then, he has received "prolific death threats against [his] life." (*Id.*) Specifically, Plaintiff alleges that Defendant Bennet is threatening to have Plaintiff killed and continues to sexually assault Plaintiff on a daily basis. (*Id.*)

Based on the foregoing, Plaintiff asserts numerous violations of his First and Fourteenth Amendment rights. (*Id.*, PageID.10–12.) Plaintiff seeks declaratory relief, "thus declaring the legal rights of pedosexual people and those who identify as pedophiles." (*Id.*, PageID.13.) He also seeks $3 million in damages. (*Id.*) Plaintiff states, however, that he is "willing to settle at 'early mediation' for reasonable accomm[o]dations." (*Id.*)

Plaintiff's allegations that he has been repeatedly sexually and physically assaulted certainly suggest a danger. His allegations that the ECF Defendants, including Defendants Bennet and Bell, have repeatedly threatened to have Plaintiff killed also suggest a danger. Plaintiff, however, is no longer incarcerated at ECF and has been transferred to ICF, where he alleges that only Defendant Conran is employed. Plaintiff's "allegations of past dangers" that occurred during his incarceration at ECF, therefore, are "insufficient to invoke the exception" set forth in § 1915(g). *See Taylor*, 508 F. App'x at 492; *see also Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that a prisoner does not meet the imminent danger exception when he is no longer facing risk from the defendants he sues because he has since been transferred to a different prison).

With respect to Defendant Conran, the only named Defendant employed at Plaintiff's current place of incarceration, Plaintiff alleges that during a video call on June 16, 2023, Defendant Conran stated, "You'll be coming here (Imax) soon, and I hope you know I'm going to f*** you up." (ECF No. 1, PageID.6.) Such a threat certainly suggests a danger. Plaintiff's complaint, however, simply relies upon this conclusory statement to suggest a risk of serious physical harm. His complaint is devoid of any factual allegations suggesting that he has been subjected to physical harm since being transferred to ICF. Thus, the dearth of any factual allegations to support Defendant Conran's alleged statement leads the Court to conclude that Defendant Conran's alleged threat is described with insufficient facts and detail to establish that Plaintiff is in danger of imminent physical injury. *Rittner*, 280 F. App'x at 798 (footnote omitted). Based on Plaintiff's allegations, this risk is not sufficiently "'real and proximate.'" *Vandiver*, 727 F.3d at 585 (quoting *Rittner*). That is not to say that it is "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id*. It is simply insufficient.

In light of the foregoing, it appears that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will, however, direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* in this action even though he has accrued "three "strikes" under § 1915(g). Plaintiff has twenty-eight (28) days from the date of entry of this opinion and accompanying order to show cause. Alternatively, Plaintiff may pay the civil action filing fees, which total $402.00, within that time. When Plaintiff either pays the filing fees or sufficiently demonstrates cause to proceed *in forma pauperis*, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not show cause or pay the filing fees within the 28-day period, Plaintiff will be denied leave to proceed *in forma pauperis* and this case will be dismissed without prejudice.

Dated:   August 3, 2023                         /s/ Ray Kent
                                                Ray Kent
                                                United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**